## In re JEWETT & SOWERS OIL CO.

## STANDARD FUEL & FURNACE OIL CO. v. MASON.

### No. 5891.

Circuit Court of Appeals, Seventh Circuit.

Nov. 7, 1936.

Harry Z. Perel, Bernard Perel, and Abraham H. Maller, all of Chicago, Ill., for appellant.

William F. Waugh and J. J. Goshkin, both of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

The Jewett & Sowers Oil Company, a corporation, after petition in bankruptcy had been filed against it by creditors, and three months prior to adjudication, by leave of court entered into a contract with the Murphy-Miles Oil Company by the terms of which the Murphy-Miles Oil Company was to furnish its products to the customers of the Jewett & Sowers Oil Company and pay a commission to Jewett & Sowers Oil Company for the products so sold.

The adjudication in bankruptcy was entered on February 8, 1934, and the contract was continued by the trustee. In liquidating the assets of the estate the contract was sold at auction on April 20, 1934, and the Standard Fuel & Furnace Oil Company, appellant herein, became the purchaser for $300. There is confusion in the record as to what the auctioneer sold. He asked the trustee to state what was for

sale, and the trustee now asserts that he said, "All my right, title, and interest to accrue after April 20, 1934." Some of the bidders present contend that this was not his statement, but that he offered for sale all his right, title, and interest in the contract (not limiting it as to accrual). Subsequently, the trustee executed an assignment of all right, title, and interest, which is in the record.

In addition to the commission contract above referred to between bankrupt and Murphy-Miles Company, the latter company had in the earlier stages of the bankruptcy proceeding sold certain of its products to the bankrupt estate, and the estate had become indebted to it therefor. At the time of the sale in question on April 20, 1934, there had accrued and was due the bankrupt on account of the commission contract some $5,600; and, after setting this off against the merchandise account due from bankrupt to Murphy-Miles Company, there remained a balance due from bankrupt at the date of sale of some $800.

■ Appellant now contends that it not only purchased at the trustee's sale the future earnings of the contract, but also became entitled to that portion of the $5,-600 in commissions that had already been earned prior to the date of sale and since adjudication. We are fully convinced from an examination of the record that there was no such intention on the part of either the seller or the buyer. The bid of $300 was undoubtedly made with the intention of buying the remaining interest in the contract, as of the date of sale. This is further evidenced by a letter written by counsel for appellant to the Murphy-Miles Company which stated as follows: "The Standard Fuel and Furnace Oil Company, whom we represent, has acquired from George W. Mason, Trustee in Bankruptcy of the Jewett & Sowers Oil Company, all the trustee's right, title and interest to the contract entered into on the 2nd day of November, 1933, between the Jewett & Sowers Oil Company and yourself, and under its terms is entitled to all benefits of the contract beginning on the 20th day of April, 1934. * * *"

It is preposterous to say that the trustee was willing to sell several thousand dollars worth of commissions already due from a company of unquestioned solvency for $300, and, even if he had been, the bankruptcy court would have approved no such sale.

■ The trustee was careless in the execution of the assignment without reservation, and his failure cannot be condoned. The assignment by its terms conveys too great an interest to the purchaser, and appellant seeks to take advantage of the actual language of the instrument. A court of equity cannot permit this to be done. The disproportion between the sale price and the value of the contract sold (as claimed by appellants) shocks the conscience of the court. In the case of Ballentyne v. Smith, 205 U.S. 285, 27 S.Ct. 527, 528, 51 L.Ed. 803, the court said: "A sale will not be set aside for mere inadequacy of price unless that inadequacy be so gross as to shock the conscience, or unless there be additional circumstances against its fairness. But if there be great inadequacy, slight circumstances of unfairness in the conduct of the party benefited by the sale will be sufficient to justify setting it aside. Graffam v. Burgess, 117 U.S. 180, 191, 192, 6 S.Ct. 686, 29 L.Ed. 839, 842, 843. It is difficult to formulate any rule more definite than this, and each case must stand upon its own peculiar facts." See, also, In re Burr Manufacturing & Supply Company (C.C.A.) 217 F. 16.

■ Objection is made to the delay of the trustee in filing his petition to vacate the order approving the sale. This is satisfactorily explained, however, by the fact that the trustee was unaware that the appellant was claiming more than the commissions accruing after the date of the sale, until suit was filed by it against the Murphy-Miles Company to recover same.

■ It is also urged that the petition of the trustee stated no grounds for equitable relief, and, even if so, the court's order is not responsive to the petition. The prayer of the petition was that the order confirming the sale be set aside and the sale voided. This, in effect was done by the court's order. The court was engaged as a court of equity in the administration of a bankrupt's estate, and we will not stand on any niceties of pleading where the facts are all before the court and cry out for relief. If the order of the District Court reaches a correct result, it is unimportant that we might assign a different reason therefor.

We think a correct result was reached, except we believe that complete equity to all parties required that the court's order go a step farther and provide that the purchaser be accorded the privilege of electing whether it shall complete the sale on

the basis of what we think it actually intended to purchase; that is, the emoluments of the contract accruing after April 20, 1934. We are persuaded in this respect by the finding of the District Court that appellant was free from fraud in the transaction.

The order of the District Court should be and is modified to provide that the appellant may elect within twenty days from the date of this order to consummate the purchase and receive conveyance of the contract with all of its emoluments accruing after April 20, 1934, and in default of such election the sale to be vacated and set aside on the terms provided in the order of the District Court.

With this modification, the decree is affirmed.